UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 5:19-cr-00176 |
| | : | |
| Plaintiff, | : | |
| | : | OPINION & ORDER |
| v. | : | [Resolving Docs. 29 & 30] |
| | : | |
| SANTOS ALBERT FRANCO MARTINEZ, | : | |
| | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Finding that Defendant Santos Albert Franco Martinez does not raise extraordinary and compelling reasons warranting a sentence reduction, the Court **DENIES** Defendant's compassionate release motion.

## I.    Background

Defendant Martinez pleaded guilty to a federal drug offense.[1]  In February 2020, this Court imposed a 120-month below-Guideline prison term.[2]

On November 16, 2020, Defendant filed a *pro se* compassionate release motion.[3] This Court appointed counsel for defendant that same day; counsel did not file a supplemental motion until April 5, 2022.[4]  The Government opposes Defendant's motion.[5]

## II.    Compassionate Release Framework and the COIVD-19 Pandemic

---

[1] Doc. 16.
[2] Doc. 22.
[3] Doc. 29.
[4] Doc. 30.  On March 31, 2022, the Court ordered Defendant counsel to file a motion within 7 days.
[5] Doc. 33.

Case No. 5:19-cr-00176
GWIN, J.

In 2018, Congress changed the law to make compassionate release more readily available to federal inmates.[6]  Under the new rules, to bring a motion, a defendant must first meet the "exhaustion requirement" by filing a motion with the prison warden and waiting thirty days.[7]  Defendant's claim here is exhausted.[8]

After that, a defendant must show two things to obtain relief.  First, the defendant must demonstrate that there are "extraordinary and compelling reasons for release."[9] Second, the defendant must show that the applicable 18 U.S.C. § 3553(a) sentencing factors also support release.[10]

### III.   Extraordinary and Compelling Reasons

In general, the Court has "discretion to define [what counts as] 'extraordinary and compelling' on [its] own initiative."[11]

But there are certain circumstances that courts cannot consider.  Courts cannot consider facts that existed when the defendant was originally sentenced.[12]

And, a defendant's COVID-19-based petitions generally cannot warrant relief.  In a 2021 decision, the U.S. Court of Appeals for the Sixth Circuit—whose decisions bind this Court—ruled that a defendant who has the opportunity to receive a COVID-19 vaccine generally cannot succeed on a motion citing the risk of contracting COIVD-19.[13]  And, only in certain rare circumstances in which a defendant presents a "compelling reason justifying

---

[6] *See United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020) (discussing statute's history and purpose).
[7] *United States v. Alam,* 960 F.3d 831, 832 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).
[8] Doc. 30 at 3.
[9] *United States v. Phillips*, No. 21-6068, 2022 WL 1112770, at *2 (6th Cir. Apr. 14, 2022).
[10] *Id.*  The Sixth Circuit has said that the defendant does not have to make any arguments regarding the Sentencing Commission policy statements.  *Id.*
[11] *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021).
[12] *United States v. Hunter*, 12 F.4th 555, 570 (6th Cir. 2021).
[13] *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (citations omitted); *United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021).

- 2 -

Case No. 5:19-cr-00176
GWIN, J.

the failure to be vaccinated despite access to the vaccine," can an unvaccinated person present a successful compassionate release COVID-19 claim.[14]

Other arguments, however, could warrant relief, especially when taken together. For example, a defendant's age, proximity to release date, and declining health conditions—independent of COVID-19 risk—may be considered extraordinary and compelling reasons.[15] Courts have also found extraordinary and compelling reasons where the defendant was "the sole available family member to care reliably for his two minor children."[16]

Lastly, the rehabilitation of a defendant is not, by itself, an extraordinary and compelling reason for compassionate release.[17] But, evidence demonstrating "rehabilitation may be considered along with other circumstances in deciding whether extraordinary and compelling reasons for early release exist."[18]

IV. Discussion

Because the Court decides this motion based on Defendant Martinez's lack of extraordinary and compelling reasons, it does not need to consider the application of the § 3553(a) factors.[19]

---

[14] *Id; see also United States v. Estevez-Ulloa*, No. 21-2432, 2022 WL 1165771, at *2 (3d Cir. Apr. 20, 2022) ("Inmates who refuse the vaccine without just cause forgo a powerful protection against illness; they cannot claim that they are at serious risk while declining a potent tool to reduce that very risk.").

[15] *See, e.g., United States v. Stacks*, No. 1-cr-135, 2022 WL 1214883, at *3 (W.D.N.C. Apr. 25, 2022) (granting relief where "Defendant (1) [was] more than 65 years old, (2) [was] experiencing a serious decline in his health because of aging, and (3) [ . . . ] served well more than 10 years in prison.").

[16] *United States v. Francisco-Ovalle*, No. 18-cr-526, 2022 WL 1094730, at *2 (S.D.N.Y. Apr. 12, 2022) (citing *United States v. Lisi*, 440 F. Supp. 3d 246, 251 (S.D.N.Y. 2020)).

[17] 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

[18] *United States v. Hernandez-Carrillo*, No. 2:08-CR-55-2, 2022 WL 633568, at *2 (S.D. Ohio Mar. 4, 2022); *see also United States v. Glynn*, No. 06-cr-580, 2022 WL 562652, at *5 (S.D.N.Y. Feb. 24, 2022) ("The Court may now take account of [Defendant's] upbringing and relative youth at the time of the offense conduct in conjunction with the evidence of his rehabilitation and changed character in the twenty years that [Defendant] has been in custody – something the Court could not consider at the time of sentencing – and this contributes to the Court's assessment of the extraordinary and compelling circumstances warranting a reduction in [Defendant's] sentence.").

[19] *See United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020).

Case No. 5:19-cr-00176
GWIN, J.

Below, the Court evaluates Defendant's arguments.

### A.  Health Conditions

Defendant cites the following health conditions as grounds for a sentence reduction: a prior hiatal hernia, high cholesterol, skin problems, lower esophagus rings, and anxiety.[20] Defendant alleges that he has not received adequate health care for these conditions while incarcerated.

The Government disagrees, relying on Defendant's medical records.[21]  For instance, a March 31, 2022 medical visit report shows that Defendant was examined and treated with a prescription for his gastrointestinal issues.[22]  The records indicate that there is an ongoing treatment plan.[23]  Defendant counsel's assertion that these issues "clearly have not been treated with the Federal Prison System in the past 32 months" is not accurate.[24]

Particularly in light of the Defendant's continuing treatment in the prison system, the Court declines to find that these health conditions are so serious as to constitute extraordinary and compelling reasons on their own.

### B.  COIVD-19

Defendant says that because of the above-discussed health conditions, he is at greater risk of severe illness from COIVD-19.  But, Defendant declined the COIVD-19 vaccination on March 3, 2022[25] and has not provided a justification for his decline.  And while the Court recognizes—as Defendant contends—that the pandemic has had especially

---

[20] Doc. 29.
[21] Doc. 33 at 12–14.
[22] Doc. 33-1 at PageID# 229.
[23] *Id.* at 230.
[24] Doc. 30 at 6.
[25] Doc. 33-1 at PageID# 270.

Case No. 5:19-cr-00176
GWIN, J.

grave consequences for the Hispanic community, this Court is bound by the Sixth Circuit's *Lemons* decision, which bars relief on COIVD-19 grounds.

### C. Family

Defendant raises as grounds for release the need to care for his family, and an especially difficult situation with one of his daughters. The Court expresses both its deepest sympathies and hope that the situation continues to improve. Nonetheless, this is not a situation in which Defendant is the only caretaker for his children. His family circumstances do not rise to the level of extraordinary or compelling circumstances.

### V. Conclusion

The Court **DENIES** the compassionate release motion.

IT IS SO ORDERED.

Dated: June 8, 2022

*s/    James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE